### BARLOW vs. DUPUY.

The record of a suit is legal evidence, altho' proceedings were not continued till a judgment was had.

APPEAL from the court of the third district.

MARTIN J. delivered the opinion of the court. The plaintiff seeks damages, on account of injury sustained, by the negligence of the defendant's deputy, in the execution and return of a writ of sequestration. The jury gave a verdict in his favor, without assessing any damages, and the court gave those claimed in the petition.

Our attention is drawn to a bill of exceptions to the opinion of the court, in admitting in evidence the proceedings in the suit of the plaintiff against Pemberton, in which he obtained the writ of sequestration, mentioned in the petition. The admission of the record was opposed, on the ground that the suit was not proceeded on to judgment. We are of opinion that the court acted correctly. The record

East'n District.
*July*, 1823.

BARLOW
*vs.*
DUPUY.

was the proper evidence to prove *rem ipsam,* viz: that the writ of sequestration was obtained.

But the judge certainly erred in giving judgment for damages, when not assessed by the jury, nor proven.

The judgment is annulled, avoided and reversed, and the cause remanded for a new trial.

This renders it necessary to examine the bills of exceptions to the opinion of the court, on the part of the plaintiff.

The first is to the rejection of a witness to prove that he was the overseer of the party against whom he had obtained the writ of sequestration. In this, we think, the court erred. The evidence was necessary to establish the damages claimed.

Another bill of exceptions is to the refusal to admit in evidence, an order of the same person, authorising the plaintiff to sell a certain horse, which it was contended by the defendant, had accordingly been sold, and by the plaintiff, to be still the property of the defendant, in the writ of sequestration. As the writ commanded the sequestration of the crop only, we do not think the court erred.

The other is to the rejection of a paper, a

BARLOW
vs.
DUPUY-

copy of which does not come up with the record, and nothing enables us to ascertain whether the court was correct, or erred in rejecting it.

It is therefore ordered that the judge be directed to admit in evidence the record of the proceedings in the case of Barlow vs. Pemberton, and that the plaintiff and appellee pay the costs of this appeal.

*Livingston* for the plaintiff.